**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas Eric Ross,<br><br>                     Plaintiff,<br><br>v.<br><br>Jeffrey Van Winkle, et al.,<br><br>                     Defendants. | No. CV-14-01480-PHX-NVW (ESW)<br><br>**ORDER** |

This is a civil rights action brought by pro se prisoner Douglas Eric Ross ("Plaintiff") pursuant to 42 U.S.C. § 1983. Before the Court is Defendants Akin and Contreras' unopposed Motion to Dismiss for Failure to Prosecute (Doc. 117), which Defendant Burke has joined (Doc. 121). For the following reasons, the Court will grant Defendants' Motion (Doc. 117) and Joinder (Doc. 121) and dismiss this action with prejudice.

## I. BACKGROUND

### A. Plaintiff's Claims

Plaintiff is confined in the Arizona State Prison Complex-Eyman ("ASPC-Eyman") in Florence, Arizona. On June 27, 2014, Plaintiff filed a four-count Complaint (Doc. 1) pertaining to an alleged assault committed by former ASPC-Eyman Correctional Officer Defendant Burke. Plaintiff also sued Correctional Officers Akin and Contreras and Deputy Warden Van Winkle for their alleged conduct in regards to the alleged

assault. The Court ordered Defendants Burke, Akin, and Contreras to answer Counts One, Two, and Three. (Doc. 22 at 7). The Court dismissed Count Four and Defendant Van Winkle. (*Id.*).

In July 2015, the Court granted Plaintiff leave to file a six-count First Amended Complaint (Doc. 67) naming Burke, Akin, Contreras, and other prison personnel as Defendants. (Docs. 64, 68). After screening the First Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2), the Court found that Count Six stated an Eighth Amendment claim against Defendant Quintana, who was the nurse in charge at ASPC-Eyman at the time of the alleged assault. (Doc. 64 at 8-9; Doc. 68 at 1-2). The Court ordered Defendant Burke to answer Count One, Defendant Akin to answer Count Two, Defendant Contreras to answer Count Three, and Defendant Quintana to answer Count Six. (Doc. 68 at 2). The remaining counts and Defendants were dismissed. Defendants Burke, Akin, Contreras, and Quintana have answered the First Amended Complaint. (Doc. 69, 78, 85).

### B. Defendant Quintana's Motion for Summary Judgment

Inmates must exhaust their available administrative remedies before bringing Section 1983 lawsuits based on prison conditions. 42 U.S.C. § 1997e(a). On December 2, 2015, Defendant Quintana filed a Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. 98). Defendant Quintana asserted that Plaintiff did not filed any grievance appeals relating to the allegations against her and therefore failed to exhaust his administrative remedies. (*Id.* at 4).

The Court advised Plaintiff of the requirements for responding to the Motion for Summary Judgment. (Docs. 101, 111). Plaintiff, however, did not file a response. On January 26, 2016, the Court granted Defendant Quintana's Motion for Summary Judgment. (Doc. 112).

### C. Defendants' Motion to Compel Plaintiff's Medical Records

In November 2015, Defendants Akin and Contreras moved for an order compelling Plaintiff to sign an authorization for the release of Plaintiff's medical records.

1   (Doc. 90).   Plaintiff did not respond.  On December 22, 2015, the Court granted the
2   Motion to Compel.  (Doc. 109).

### D. Defendants' Motion to Dismiss for Failure to Prosecute

On March 1, 2016, Defendants Akin and Contreras filed a Motion to Dismiss for Failure to Prosecute (Doc. 117), which indicates that Plaintiff has refused to sign an authorization releasing his medical records.   Defendants Akin and Contreras stated that because this case involves "allegations of physical assault, with no available video footage to prove or disprove the claims, medical records would be the best evidence by which to test Plaintiff's allegations."  (*Id*. at 2).  Defendants Akin and Contreras asserted that they are prejudiced by Plaintiff's refusal to provide access to Plaintiff's medical records.  (*Id*.).

On March 3, 2016, the Court advised Plaintiff of the March 18, 2016 deadline for responding to the Motion to Dismiss (Doc. 117).  (Doc. 119).  In bold letters, the Court informed Plaintiff that pursuant to Rule 7.2(i) of the Local Rules of Civil Procedure ("LRCiv"), the "failure of Plaintiff to respond to the Motion to Dismiss may in the discretion of the Court be deemed as consent to the granting of that Motion without further notice, and judgment may be entered dismissing the complaint and action with prejudice as to Defendants Akin and Contreras . . . ."  (*Id*. at 2) (bold omitted).

Defendant Burke joined the Motion to Dismiss (Doc. 117) on March 11, 2016. (Doc. 121).  On that same date, the Court affirmed the March 18, 2016 response deadline.  (Doc. 123).  In bold letters, the Court advised Plaintiff that the failure to "respond to the Motion to Dismiss may in the discretion of the Court be deemed as consent to the granting of that Motion without further notice, and judgment may be entered dismissing the complaint and action with prejudice as to all defendants pursuant to LRCiv 7.2(i)." (*Id*. at 2) (bold omitted).

In addition, the Court required Plaintiff to sign and return the authorization for medical records that counsel for Defendants Akin and Contreras previously mailed to Plaintiff.  (Doc. 122).  The Court set a deadline of March 18, 2016 and advised Plaintiff

in bold letters that if he "fails to comply with this Order, the Court may dismiss this action with prejudice without further notice to Plaintiff." (*Id*. at 1-2) (bold omitted).

### E. Plaintiff's Allegation that He Did Not Receive the Motion to Dismiss

On March 15, 2016, Plaintiff filed two documents asserting that he did not receive a copy of the Motion to Dismiss (Doc. 117). (Docs. 124, 125). Plaintiff states that "all I have is a 'Court Order' indicating a deadline to respond, but do not know what the defendants filed as my failure to prosecute & what other arguments that may have been presented in support of this Motion." (Doc. 124 at 2). The Court observed that the Certificate of Service attached to the Motion to Dismiss did not reflect Plaintiff's updated address as notified in a document that Plaintiff filed in January 2015. (Doc. 48). The Court ordered Defendants Akin and Contreras to mail the Motion to Dismiss to Plaintiff at the updated address. (Doc. 127 at 2). The Court required Plaintiff to respond to the Motion to Dismiss no later than fourteen days from the date of service. (*Id*.). Defendants Akin and Contreras filed a Notice of Service stating that on March 29, 2016, they mailed Plaintiff the Motion to Dismiss in compliance with the Court's March 11, 2016 Order (Doc. 127). (Doc. 128). Plaintiff did not respond by the April 15, 2016 deadline.[1]

On May 6, 2016, counsel for Defendants Akin and Contreras informed the Court that Plaintiff has not complied with the Court's order to sign an authorization releasing Plaintiff's medical records. (Doc. 130).

### II. DISCUSSION

As Plaintiff has been warned, the Court may deem Plaintiff's failure to respond to Defendants' Motion to Dismiss for Failure to Prosecute (Doc. 117) and Joinder (Doc. 121) as Plaintiff's consent to the granting of the Motion. *See* LRCiv 7.2(i); *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995). Prior to granting the Motion, however, the Court must weigh five factors: (i) the public's interest in expeditious resolution of

---

[1] Fourteen days from March 29, 2016 is April 12, 2016. Pursuant to Fed. R. Civ. P. 6(d), three days are added to the response deadline.

litigation, (ii) the Court's need to manage its docket, (iii) the risk of prejudice to the defendants, (iv) the public policy favoring disposition of cases on their merits, and (v) the availability of less drastic sanctions. *See Ghazali*, 46 F.3d at 53 (citing *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir. 1986)). All five factors weigh in favor of dismissal.

### A. Factors One and Two: Public's Interest in Expeditious Resolution of Litigation and the Court's Need to Manage its Docket

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). This case has been pending for nearly two years. Plaintiff has been given ample time to respond to Defendants' Motion to Dismiss, but has failed to do so. Plaintiff has caused this case to stall by disobeying the Court's order to sign a medical release. Plaintiff's conduct has adversely affected the Court and public's interest in judicial efficiency and the prompt resolution of cases. Further, the Court's interest in controlling its docket supports the dismissal of this action that Plaintiff has effectively abandoned. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (recognizing the "district courts' power to manage their dockets without being subject to the endless vexatious noncompliance of litigants . . . ."). For these reasons, factors one and two weigh in favor of dismissing this case.

### B. Factor Three: The Risk of Prejudice to Defendants

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)). Plaintiff alleges that he has sustained physical injuries arising from Defendants' actions. Plaintiff's refusal to allow Defendants to obtain Plaintiff's medical records prevents the full and fair litigation of this case. The risk of prejudice to Defendants is great if this case is not dismissed for Plaintiff's failure to prosecute and obey the Court's orders.

### C. Factor Four: Public Policy Favoring Disposition of Cases on their Merits

Although public policy favors disposition of cases on their merits, Plaintiff's refusal to release his medical records defeats this goal. *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996) (stating that plaintiffs' total refusal to provide discovery obstructed resolution of their claims on the merits). Plaintiff's conduct in this case overcomes the public policy that typically weighs against dismissal.

### D. Factor Five: The Availability of Less Drastic Sanctions

The Court has already pursued remedies that are less drastic than dismissal of Plaintiff's suit. *See Malone*, 833 F.2d at 131-32 (9th Cir. 1987) (before dismissing a case as a sanction, a district court must first consider the impact of the sanction and the adequacy of less drastic sanctions). Plaintiff was explicitly warned on multiple occasions that the Court may dismiss this action if Plaintiff fails to respond to the Motion to Dismiss and release his medical records. *See Estrada v. Speno & Cohen*, 244 F.3d 1050, 1057 (9th Cir. 2001) (stating that a court's warning to a party that the failure to obey a court order will result in dismissal can meet the requirement that the court considered alternatives). Despite the Court's warnings, Plaintiff has chosen to disregard the Motion to Dismiss and the Court's order that Plaintiff sign an authorization releasing his medial records. Because Plaintiff is indigent, imposing a monetary sanction in lieu of dismissal would be a futile act. The Court concludes that dismissal is warranted.

### III.   CONCLUSION

Because the five factors discussed above weigh in Defendants' favor, the Court will grant Defendants' Motion to Dismiss (Doc. 117) and Joinder (Doc. 121). Plaintiff has disregarded the Court's orders and has effectively abandoned this case. Under these circumstances, a dismissal *with prejudice* is appropriate. *See Malone*, 833 F.2d at 133 (upholding dismissal with prejudice for failure to comply with court order). Accordingly,

**IT IS ORDERED** granting Defendants' Motion to Dismiss for Failure to Prosecute (Doc. 117) and Defendant Burke's Joinder (Doc. 121).

/ / /

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment in favor of Defendants, dismiss this action with prejudice, and terminate the case.

Dated this 19th day of May, 2016.

_____
Neil V. Wake
United States District Judge